STATE, Plaintiff-Appellee, v. FERGUSON, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 3878. Decided January 31, 1946.

Ralph J. Bartlett, Prosecuting Attorney, Henry L. Holden and Edmund B. Paxton, Asst. Prosecuting Attorneys, Columbus, for Plaintiff-Appellee.

Stanley U. Robinson, Jr., Columbus, for Defendant-Appellant.

### OPINION

By MILLER, J.

This is an appeal from the Common Pleas Court of Franklin County, Ohio, wherein the defendant, Frank Fer-

guson, was convicted of rape without consent.

The record discloses that Betty Lou Bowman, the prosecuting witness, was a young girl sixteen years of age, who had only recently come to Columbus and was employed as a waitress at the Northern Restaurant. It was here that she met the defendant, Frank Ferguson, who had just been released on parole from the Ohio Penitentiary. Prior to the night in question she had had several dates with the accused, which were very brief and consisted mostly of the defendant walking home with her. On the night of the alleged assault she met the defendant by appointment at her place of employment where he and a friend of his became engaged in a fight and he threatened to kill one of the parties with a butcher knife. These parties escaped to a pool room across the street, where the defendant and his friend followed, continuing the fight there. Prior to going across the street Betty Lou asked him to take her home, but he ordered her to go in the restaurant and await his return or it would be too bad for her. The defendant soon returned and the two, together with another couple, went to several restaurants downtown, and after the other girl had left the party, the three of them went to the suite of rooms in the Milner Hotel occupied by the friend of the defendant, who was with them. Here she met a Mr. and Mrs. Pierce under very unusual circumstances, Mrs. Pierce having come out of the bath room in the nude, talked with her and asked her if she was a "hustler." She said that soon after this the defendant pulled her into an adjoining room and there he asked to have relations with her, which she refused. He then pulled and tore her clothing off of her and committed the acts complained of. She cried and resisted as much as she could, which was not enough. No one in the adjoining room came to her assistance. She said that she was afraid of him and in fear for her life. As soon as she was able to get away from him she related her experiences to her employer, who reported the alleged offense to the police.

The defendant testified in his own behalf. At first, he denied having had relations with the girl at all, but later admitted the same, but said that it was had with her consent.

The first assignment of error is that the Court erred in admitting irrelevant and highly prejudicial evidence over the objection of the defendant. In this assignment of error the defendant objects to the testimony that shows the conduct of the defendant on the night of the alleged rape, which conduct constituted the fight that was begun in the Northern

Restaurant and ended in the pool room across the street and in his drawing of a butcher knife on one of the employees in the Northern Restaurant. The defendant contends that this testimony had nothing to do with the alleged rape and was therefore not admissible. The prosecuting witness testified that she was raped through force and fear. The basis of this placing in fear was that the defendand did not permit her to exercise her freedom of going home because he claimed that she might inform the police about his fight and get him in trouble. The acts of the defendant in drawing the butcher knife and threatening to kill a person showed to the prosecuting witness a vicious side of the defendant and would constitute reasonable grounds for her fear as to her own safety. Under this theory of the case it is our opinion that the evidence offered was admissible.

The second assignment of error is that the Court erred in excluding evidence over the exception of the defendant. The evidence excluded was offered by a Miss Dorothy Vanderberg, record clerk at the St. Francis Hospital. She brought in a record of the examination of Betty Lou Bowman which was made the day following the alleged assault. The examination of Miss Vanderberg was as follows:

"Q. Will you state your name to the Court and jury? A. Dorothy Vanderberg.

Q. And what is your occupation? A. I am record clerk at St. Francis Hospital.

Q. Do you have the record with you of the examination that was made of Betty Lou Bowman? A. I do.

Q. And what date and what time was that examination made? A. It was made on February 2nd, 1945, at 3:25 A. M.

Q. Will you state to the jury what that examination revealed in the way of force or violence having been used? A. Well,—

MR. HOLDEN: Wait a minute. I object to that.

Q. Please state to the Court and jury what that examination revealed.

THE COURT. Wait a minute. Don't answer that question as you have it there. You may make inquiry as to the competency of the record to ascertain how the record was made out."

In response to this instruction of the Court counsel did nothing further to qualify the report. The report itself was not offered in evidence at any time. The question asked for a conclusion by the witness as to what the report showed. This was clearly inadmissible. The report itself would have been admissible if the proper foundation had been laid by showing who had made the report and that that person was not available to testify. We find no error in this assignment.

The third assignment of error is that the Court erred in overruling the motion of the defendant for a directed verdict after the plaintiff and defendant had both rested. This motion was properly overruled as there was sufficient evidence in the record tending to show the guilt of the accused to warrant submitting the question to the jury whose function it is to weigh the evidence and determine the credibility of the witnesses. The defendant refers to the case of Frey v. The State of Ohio, 22 O. C. C. (N. S.), 607, but an examination of this case discloses a somewhat different state of facts. The element of fear or threats was not involved there, while in this case the prosecuting witness testified that she was in fear for her life. However, this case is not authority for the proposition that a motion for a directed verdict should have been sustained. The Court there held that the evidence presented was not sufficient to sustain a conviction and the verdict was against the manifest weight of the evidence.

The fourth assignment of error is that there was misconduct of the prosecuting attorney in his argument to the jury. This argument is not included in the record and we have not sufficient facts to consider this assignment.

The fifth assignment of error is that the verdict of the jury was manifestly against the weight of the evidence and contrary thereto. Crimes of this nature are seldom committed in the presence of witnesses and it is generally the word of the prosecuting witness as against that of the defendant. It was the function of the jury to consider all the testimony and the circumstances surrounding the case to determine which of the witnesses was telling the truth. The jury was fully and properly instructed as to its duties and as to the laws of this state and their verdict shows that they were convinced beyond a reasonable doubt of the guilt of the de-

fendant. It is our conclusion that the verdict was in accord with the evidence and not against the manifest weight of it. The judgment is affirmed.

HORNBECK, PJ, and WISEMAN, J, concur.